The first point that I'd like to bring up, first of all, this is another statutory and equitable tolling case. And in this case, respondent has conceded that due to the application of the mailbox rule, there was no gap tolling between the filing of petitioners to California Supreme Court petitions. That still doesn't get you there, though. You need equitable tolling in order to be timed. Right. But I just wanted to address this. Of course, petitioner agrees with that. But if the court agrees with the district court that the mailbox rule does not apply, in that case, there was a small gap. But the tolling period should include that gap. And in the brief, in petitioner's briefs, there was a citation to Gaston v. Palmer. But subsequently, that case was vacated. There was a petition for a hearing was granted and it was vacated. And in the Gaston case, they held that Gaston was not entitled to gap tolling because of the long delay between his six petitions. But Gaston does not really apply to a petitioner's case because, in this case, there was only a seven-day gap tolling period. And then we come to the issue of equitable tolling. And the certified issue was whether the court should have given a petitioner the option to stay and obey his petition rather than just allowing him to dismiss it. And there's a Ninth Circuit case called Federally v. Paskett, which was in the brief. In that case, it was an abuse of discretion not to allow a petitioner to stay his exhausted petition so that he could go back and exhaust his claims that he wanted to add to the petition. And it's petitioner's position that, based on the fact that he's a pro se petitioner and the procedural protections that this Court in the past has granted to pro se petitioners, that the petitioner should have been allowed to stay his petition. Counsel, doesn't Plyler foreclose your argument? Not really because Plyler dealt with advisements that must be given to the petitioner. And that's different than just giving a petitioner an option to follow a procedure. How would the Court give the option if it weren't advising the petitioner that he had the right to stay and have abeyance? Well, I think in Plyler, one of the concerns of the Court was they didn't want the district court to have to decide whether a petitioner's claim was time barred or to calculate the statute. Just to allow him to stay his petition, the Court doesn't have to tell him whether, doesn't really have to advise him. It's up to the petitioner to decide whether he wants to, you know, stay his petition, you know, whether his claims are worth it to go and exhaust, things like that. What about Brambles? I thought in Brambles we said that equitable tolling is only available if the Court affirmatively misleads the petitioner, not that the Court omitted to advise the petitioner of options. What do you do with that case? Well, you know, I don't think Brambles exactly applies to this case either. I don't think that that's the only time you could have equitable tolling, you know, is when the petitioner is affirmatively misled. That's pretty much what Brambles says. I don't, you know, I don't interpret Brambles as being that all-encompassing. In this case, the petitioner had a fully exhausted petition, and he just decided to dismiss it. And the Court should have told him that he could, he had the option of staying the petition. I really don't have anything further, and if the Court has any questions. But the district court noted that each time the Ninth Circuit has found that the Federal court had a duty to inform, it was a mixed petition. We don't have a mixed petition here. Are you asking us to extend that rule to a petition that's not a mixed petition? Well, that's right. I mean, this is just a completely different case, because we're not dealing with a mixed petition. This is a fully exhausted petition, but I believe in Federley v. Pasket, it involved an exhausted petition, and the Court said it was abuse of discretion not to grant a stay. So basically, it's taking that a little bit further and saying that the Court should have given the petitioner the option of staying his first district court petition. Do you want to save the balance of your time for rebuttal? Yes, I would. Thank you. And it appears that the microphones do amplify your voices here. I misspoke. I thought I was in San Francisco. Well, sometimes it does, and sometimes it doesn't. Well, today it's amplifying, so we're fortunate. May it please the Court, California Deputy Attorney General Alan Tate on behalf of the Warden in this case. I would just like to clarify one thing, and I'll try to be brief following that. We didn't really concede that the mailbox rule applied in this case. We just, for the sake of argument in calculating the statute of limitations and the period of limitations for petitioner in this case, we did calculate the period of limitations. But it doesn't matter unless there's equitable tolling. It doesn't matter. Ultimately, and I think the gap tolling is kind of a red herring in this case, we gave gap tolling even without consideration of Gaston and that line of cases. Ultimately, what it comes down to is first, I think Plyler has made it clear the Court had no responsibility to offer stay in abeyance to petitioner in this case. May I ask you a question about that? Because as I read Plyler, it looks like the Supreme Court addressed two other warnings, but not the warnings concerning stay in abeyance. Am I incorrect on that? No, I think that's exactly correct, but I think in discussing those warnings, the Supreme Court declared its reason for coming to that conclusion, and that was that district courts have no responsibility or obligation to counsel petitioners. And I think this case differs in many other cases. Had stay in abeyance even been offered to petitioner in this case, there would have been no reason to even give it to him at that point because there was no reason to think he was going to lose the opportunity to timely raise his claims in a later federal petition. At the time he filed his motion to voluntarily dismiss his petition, this wasn't in response to a respondent's motion to dismiss or an answer or an inquiry by the court about what you should do with some of your unexhausted claims. This was a motion to dismiss his own petition, and the period of limitation was told at that moment, and depending on the calculations, by petitioner's own calculation, there were still 39 days left of the period of limitation at that point. Once the California Supreme Court was done with any additional pending petitions, he had 39 days. Under this court's decision, Kelly v. Small and other cases that follow it, even Rines v. Weber, U.S. Supreme Court, 30 days is enough to return to federal court to exhaust your claims. So stay in abeyance was never intended to make the courts a jurisdictional parking lot. I think we've seen that language before. There would have been no reason to grant stay in abeyance in this case anyway. It wasn't needed. There was a need? It wasn't needed. It was not needed in this case, exactly. In fact, I think it would have been abusive discretion to park that fully exhausted petition for any period of time when he wasn't in danger. In all the other cases that are relied upon, even Jefferson v. Budge, where equitable tolling was granted, the original federal habeas petition was dismissed at a time when the period of limitation was gone. So ultimately, I think the question here is, even if there was some duty to offer stay in abeyance, ultimately the question is, is he entitled to equitable tolling as a result of that error of the district court four years ago? No, because once the California Supreme Court denied his exhaustion petition, he had 39 days. He didn't file with an eight. Our calculation, we actually gave him 59 days. The district court gave him 44 days. In any event, he took 90 days to file his second federal petition. Equitable tolling is only allowed when extraordinary circumstances beyond a petitioner's control prevent him from filing a timely petition. No showing has ever been made in this case that anything prevented him from filing his second federal petition in a timely manner. And as this court has made clear in Kelly v. Small, 30 days is considered enough. Unless the court has any additional questions, we would submit on this argument in the brief. I'm sure it's not. Thank you, counsel. Thank you. Yes, rebuttal. I do want to bring to the court's attention that petitioner did state reasons why he couldn't timely file his second petition. And he submitted a declaration attached to his petition in which he said that due to the repeated lockdown status of his institution, he didn't have access to the library, law library, and that's why he couldn't file it until that time. Other than that, I'll submit on the brief. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for a decision by the court.
judges: D.W. Nelson, Rawlinson, Bea